IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN BELLAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiff*,<br><br>v.<br><br>CAPITAL BLUE CROSS,<br><br>*Defendant*. | Civil Action No. _____<br><br><br>**Jury Trial Demanded** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Dawn Bellan ("Plaintiff") files this Class and Collective Action Complaint ("Complaint") against Capital Blue Cross ("Defendant"), and in support states the following:

**Background**

1. Defendant is a Pennsylvania-based health insurance company that provides and administers healthcare coverage for its nearly one million members located in 21 counties in Central and Eastern Pennsylvania.

2. In providing healthcare coverage to members, Defendant reviews requests for services and makes coverage determinations based on medical necessity.

3. Defendant employed Plaintiff and other non-management employees whose primary job was to perform utilization reviews ("Utilization Review Employees").

4. Defendant used numerous job titles to refer to its Utilization Review Employees, including Medical Management Nurse Reviewer, Medical Management Review Nurse, Medical Management Nurse, Utilization Review Nurse, Pre-Authorization Review Nurse, Prior Authorization Nurse, Utilization Review Nurse, and other similar titles.

1

5. Defendant paid Utilization Review Employees a salary.

6. Defendant's Utilization Review Employees regularly worked over 40 hours per week.

7. Defendant classified Utilization Review Employees as exempt from state and federal overtime laws and did not pay them overtime for all hours worked over 40 in an individual workweek.

8. The utilization reviews performed by Plaintiffs and other Utilization Review Employees consisted of reviewing health insurance benefit requests submitted on behalf of members against predetermined guidelines and criteria for insurance coverage and payment purposes ("Utilization Review Work").

9. The Utilization Review Work performed by Plaintiff and other Utilization Review Employees was non-exempt work.

10. Plaintiff brings this action on behalf of herself and other similarly situated Utilization Review Employees, who, due to Defendant's misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual work weeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

11. Plaintiff also brings individual and class action claims under the Pennsylvania Minimum Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq*.

12. Plaintiff brings her state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendant's failure to pay her and other Utilization Review Employees for all earned overtime pay.

**The Parties**

13. Plaintiff worked for Defendant as a Utilization Review Employee from November 2017 to March 2020.

14. Defendant's principal place of business is located in Harrisburg, Pennsylvania, within this Judicial District.

**Jurisdiction and Venue**

15. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' FLSA claims arise under federal law. *See* U.S.C. § 216(b).

16. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District and substantial activities took place in Harrisburg, Pennsylvania related to Plaintiff's claim.

**Factual Allegations**

17. Plaintiff worked as a Utilization Review Employee for Defendant.

18. During her employment with Defendant, Plaintiff's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

19. In fact, in performing her Utilization Review Work for Defendant, Plaintiff had authority to **approve** health insurance benefit requests that matched predetermined criteria, but did not have the authority to **deny** health insurance benefit requests that did not match the predetermined criteria for approval.[1]

---

[1] Pennsylvania law requires all organizations that perform utilization review plans to be Certified Utilization Review Entities (CREs). In order to hold this certification, CREs must hold an accreditation from a national recognized "accrediting body in the area of [utilization review" 28 PA ADC § 9.743. One such accrediting body is the Utilization Review Accreditation Commission (URAC), which is a nationwide leader in providing utilization review accreditation. URAC uses the term "Initial Clinical Review" to define the Utilization Review Work performed by Plaintiff and other Utilization Review Employees. *See* www.castleworldwide.com/idev/guidelines/ccnresources/URAC_Health_Plan_Guide_v7_3.pdf (URAC accreditation guidelines defining "Initial Clinical Review" as "Clinical review conducted by appropriate

20. During her employment with Defendant, Plaintiff's job duties did not include engaging in bedside nursing or providing medical advice to patients or other individuals with health issues.

21. During her employment with Defendant, Plaintiff's job duties did not involve providing traditional nursing care in a clinical setting or providing direct medical care to patients or other individuals with health issues.

22. During her employment with Defendant, Plaintiff's job duties did not include administering patients' treatments, operating or monitoring medical equipment, helping perform diagnostic tests or analyzing the results from diagnostic tests, diagnosing human responses to actual or potential health problems, or providing medical opinions on treatment and medication, or determining whether an issue should be referred for an independent medical evaluation.

23. During her employment with Defendant, Defendant required Plaintiff to perform her job duties in accordance with its corporate policies, procedures, guidelines, and guidelines embedded in Defendant's computer software.

24. During her employment with Defendant, Plaintiff's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Utilization Review Work.

25. In fact, during her employment with Defendant, Plaintiffs job duties did not involve creating or drafting any corporate policies, procedures or guidelines for Defendant or Defendant's employees.

---

licensed or certified health professionals. Initial clinical review staff may approve requests for admissions, procedures, and services that meet clinical review criteria, but must refer requests that do not meet clinical review criteria to peer clinical review for certification or non-certification. Sometimes referred to as "first level review.").

26. Defendant suffered Plaintiff to work over 40 hours in one or more individual workweeks during the last three years.

27. During her employment with Defendant, Plaintiff worked over 40 hours in one or more individual workweeks during the last three (3) years.

28. Defendant classified Plaintiff as exempt from the overtime provisions of the FLSA.

29. Defendant classified Plaintiff as exempt from the overtime provisions of the PMWA.

30. Defendant paid Plaintiff a salary.

31. When Plaintiff worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff overtime at one-and-one-half times her regular rate of pay.

32. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

33. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

34. Defendant has made more than $500,000 in sales made or business done in each of the last three calendar years.

35. During her employment, Plaintiff was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

36. During her employment, Defendant was Plaintiff's "employer" as defined under the FLSA in § 203(d).

37. During her employment, Plaintiff was an "employee" of Defendant as defined by the PMWA in § 333.103(h).

38. During her employment, Defendant was Plaintiff's employer as defined under the PMWA in § 333.103(g).

**Collective Action Allegations**

39. Plaintiff brings her FLSA claims as a collective action.

40. Plaintiff's consent form to participate in this collective action as a Party Plaintiff is attached to this Complaint as Exhibit A.

41. The collective action is defined as follows:

All individuals employed by Defendant as Utilization Review Employees in the last three years who were paid a salary and classified as exempt ("Collective Action Members").

42. Plaintiff is similarly situated to the potential Collective Action Members because they were paid the same and performed the same primary job duties.

43. On information and belief, in the last three years, Defendant has employed at least 100 individuals who performed the same primary duties as Plaintiff.

44. During their employment, Defendant was Collective Action Members' "employer" as defined by the FLSA, § 203(d).

45. Of Defendant's employees who performed the same primary job duties as Plaintiff in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

46. Of Defendant's employees classified as exempt and who performed the same primary duties as Plaintiff in the last three years, some or all worked over 40 hours in one or more individual workweeks.

47. Defendant maintained one or more common job descriptions for Utilization Review Employees.

48. Defendant has names and addresses for potential Collective Action Members in its payroll or personnel records.

49. Defendant has email addresses for potential Collective Action Members in its payroll or personnel records.

50. Defendant has phone numbers for potential Collective Action Members in its payroll or personnel records.

51. Defendant were aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

**Collective Action Allegations**

52. Plaintiff seeks class certification under Fed. R. Civ. P. 23 of the following state law sub-class:

> All individuals employed by Defendant as Utilization Review Employees in Pennsylvania in the last three years who were paid on a salary basis and classified as exempt (the "Class").

53. The Class has more than 40 members.

54. As a result, the Class is so numerous that joinder of all members is not practical.

55. There are questions of law or fact common to the Class, including (1) whether the Class primarily performed non-exempt work; (2) whether Defendant violated the PMWA by refusing to pay the Class overtime pay; and (3) the proper measure of damages if Defendant misclassified the Class as exempt from the overtime provisions of the PMWA.

56. Plaintiff's overtime claims are typical of those of the Class because they arise out of Defendant's uniform compensation practices.

57. Defendant's defenses to Plaintiff's PMWA claims are typical of their defenses to those of the Class because they are grounded in the same compensation practices.

58. Plaintiff can fairly and adequately protect the interests of the Class because she is asserting the same claims as the Class.

59. Plaintiff can fairly and adequately protect the interests of the Class because she has no interests adverse to the Class.

60. Plaintiff can fairly and adequately protect the interests of the Class because she has retained counsel experienced in class action employment litigation.

61. The common questions of law and fact predominate over the variations which may exist between members of the Class, if any.

62. Plaintiff and the members of the Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

63. If individual actions were required to be brought by each member of the Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as to the Defendant.

64. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

65. The books and records of Defendant are material to the Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

...

## COUNT I
## Violation of the Fair Labor Standards Act
## (Collective Action)

66. Plaintiff incorporates here the previous allegations of this Complaint.

67. This count arises from Defendant's violations of the FLSA by failing to pay overtime to Plaintiff and the Collective Action Members at one and one-half times their regular rates when they worked over 40 hours in individual workweeks.

68. Plaintiff was not exempt from the overtime provisions of the FLSA.

69. Collective Action Members were not exempt from the overtime provisions of the FLSA.

70. Plaintiff was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

71. Other Collective Action Members were directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

72. Defendant paid Plaintiff a salary and no overtime compensation.

73. Defendant paid other Collective Action Members a salary and no overtime compensation.

74. Defendant violated the FLSA by failing to pay overtime to Plaintiff at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

75. Defendant violated the FLSA by failing to pay overtime to other Collective Action Members at one and one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

76. Defendant's failure to pay Plaintiff and other similarly situated persons one and one-half times their regular rate for all time worked over 40 hours in a workweek was willful.

WHEREFORE, Plaintiff, on behalf of herself and the Collective Action Members, seek a judgment against Defendant as follows:

A. An Order designating this lawsuit as a Collective Action under the FLSA and permitting the issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

B. All unpaid overtime wages due to Plaintiff and the Collective Action Members;

C. Pre-judgment and post-judgment interest;

D. Liquidated damages equal to the unpaid overtime compensation due;

E. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

F. Such other relief as the Court deems appropriate.

## COUNT II
## PMWA – Failure to Pay Overtime
### (Class Action)

77. Plaintiff incorporates here the previous allegations of this Complaint.

78. This count arises from Defendants' violations of the PMWA by failing to pay overtime to Plaintiff and the Class when they worked over 40 hours in individual workweeks.

79. Defendants classified Plaintiff as exempt from the overtime provisions of the PMWA.

80. Defendant classified the Class as exempt from the overtime provisions of the PMWA.

81. Plaintiff was not exempt from the overtime provisions of the PMWA.

82. The class was not exempt from the overtime provisions of the PMWA.

83. Defendant suffered Plaintiff to work over 40 hours in individual workweeks.

84. Defendant violated the PMWA by failing to pay Plaintiffs and the Class overtime at one-and-one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff, on behalf of herself and the Collective Action Members, seek a judgment against Defendant as follows:

A. All unpaid overtime wages owed to Plaintiff and the Class;

B. Prejudgment and post-judgment interest;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

D. Such other relief as this Court deems appropriate.

**Jury Demand**

Plaintiffs demand a trial by jury.

    Respectfully submitted,

*/s/ Jack Siegel*
JACK L. SIEGEL*
Texas Bar No. 24070621
Siegel Law Group PLLC
4925 Greenville, Suite 600
Dallas, Texas 75206
P: (214) 790-4454
www.4overtimelawyer.com

TRAVIS M. HEDGPETH*

Texas Bar No. 24074386
THE HEDGPETH LAW FIRM, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
Telephone: (281) 572-0727
Facsimile: (281) 572-0728
travis@hedgpethlaw.com

*Application for admission pro hac vice forthcoming*

**Attorneys for Plaintiffs and Others Similarly Situated**

s/ Scott B. Cooper
Scott B. Cooper, Esquire
I.D. No. 70242
Schmidt Kramer, PC
209 State St.
Harrisburg, PA 17101
Telephone: (717) 232-6300
Fascimile: (717) 232-6467
scooper@schmidtkramer.com
Local Counsel for Plaintiffs